IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CORINE SPELLS, INDIVIDUALLY AND
ON BEHALF OF THE WRONGFUL
DEATH BENEFICIARIES OF JOHN D.
SPELLS,                                                                               PLAINTIFF,

VS.                                                          CIVIL ACTION NO. 4:04CV396-P-B

DR. PAULA SPENCE, GREENWOOD
LEFLORE HOSPITAL, AND A,B,C
UNKNOWN DEFENDANTS,                                                DEFENDANTS.

## ORDER OF REMAND

This matter comes before the court upon Plaintiff's Motion to Remand [14-1]. Upon due consideration of the motion and the response filed thereto, the court finds as follows, to-wit:

The plaintiff originally filed this medical malpractice action on May 7, 2002 in the Circuit Court of Leflore County, Mississippi. On August 23, 2002, the plaintiff filed a voluntary petition for bankruptcy under Chapter 13. Defendants state that they first became aware of the bankruptcy proceeding during the plaintiff's deposition on December 1, 2004. The defendants removed this action on December 27, 2004 pursuant to 28 U.S.C. §1452(a) – *i.e.*, based on bankruptcy jurisdiction. The plaintiff filed the instant motion to remand on January 24, 2005.

On June 13, 2006, the plaintiff filed a Supplemental Motion for Remand wherein she informs the court that on January 5, 2006, the Chapter 13 bankruptcy was discharged after completion of the plan. Furthermore, this case was properly listed on the bankruptcy schedule as personal property. These facts remain undisputed.

Under 28 U.S.C. § 1334(b), a defendant may remove a case from state court if it arises under,

arises in, or is related to a bankruptcy petition. For a case to arise *under* Title 11, the claims asserted must be predicated on a right created by Title 11. *See e.g., In re Chargit, Inc.*, 81 B.R. 243 (Bankr. S.D.N.Y. 1987). Cases arising *in* Title 11 are those not based on any express right of Title 11 but would have no existence outside bankruptcy. *Matter of Wood*, 825 F.2d 90 (5th Cir. 1987). Since the instant case is a state tort action filed before the plaintiff's bankruptcy petition, this case clearly neither arises under nor arises in Title 11.

A case that neither arises under nor arises in Title 11 can nevertheless be properly removed to federal court under § 1334(b) if it is "related to" a bankruptcy proceeding. Determining whether a proceeding is "related to" Title 11 is significant because the district court (either the district judge or the bankruptcy judge) to whom cases have been referred can exercise jurisdiction over both core and non-core proceedings so long as the proceedings are "related to" the underlying bankruptcy case. *Matter of Wood*, *supra*. The statutes do not define "related to" and the courts have articulated various definitions. The Fifth Circuit Court of Appeals recently held that proceedings "related to" a bankruptcy case include (1) causes of action owned by the debtor which become property of the estate under the Bankruptcy Code, and (2) suits between third parties which have an effect on the bankruptcy estate. *Arnold v. Garlock, Inc.*, 278 F.3d 426 (5th Cir. 2001). Similarly, the Seventh Circuit has held that a case is "related to" a bankruptcy proceeding if the dispute affects the amount of property available for distribution or the allocation of property among creditors. *Matter of Xonics, Inc.*, 813 F.2d 127 (7th Cir. 1987).

The court concludes that the instant case, before the subject Chapter 13 bankruptcy was discharged, was indeed "related to" the plaintiff's bankruptcy because monies recovered, if any, from this case would be property of her bankruptcy estate. However, since the subject Chapter 13

2

bankruptcy was discharged on January 5, 2006 and since the Bankruptcy Court was aware of this case when it ordered the discharge, there is no bankruptcy proceeding for the instant action to "relate to." Therefore, this court does not have jurisdiction based on 28 U.S.C. § 1334(b).

Even if this court did possess bankruptcy jurisdiction, it would abstain from exercising it under the discretionary abstention doctrine. The court concludes, however, that the mandatory abstention doctrine does not apply in this case.

Pursuant to 28 U.S.C. § 1334(c)(2), the court's abstention from exercising bankruptcy jurisdiction is mandatory if (1) a party files a timely motion to abstain; (2) the underlying proceeding is based on state law; (3) the proceeding is related to a case under Title 11 but does not arise under or arise in Title 11; (4) the proceeding is one which could not have been brought in federal court absent the bankruptcy proceeding; and (5) the proceeding is one which can be timely adjudicated in state court. *E.g., In re S.E. Hornsby & Sons Sand and Gravel Co., Inc.*, 45 B.R. 988 (Bankr. M.D. La. 1985).

Ostensibly, the plaintiff can establish all elements required for mandatory abstention. However, 28 U.S.C. § 157(b)(4) provides that "[n]on-core proceedings under 157(b)(2)(B) of title 28, United States Code, shall not be subject to the mandatory abstention provisions of section 1334(c)(2)." As discussed above, the underlying case does not arise in or under Title 11, but rather is only "related to" Title 11. A "related to" case, by definition, is a non-core proceeding. *Matter of Boughton*, 49 B.R. 312, 315 (Bankr. N.D.Ill. 1985). Therefore, the doctrine of mandatory abstention is inapplicable to the instant case.

The doctrine of discretionary abstention can be found in 28 U.S.C. § 1334(c)(1) which states: "Nothing in this section prevents a district court in the interest of justice, or in the interest of comity

3

with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."

Through § 1334(c)(1), Congress intended that concerns of judicial convenience and comity should be met by the discretionary exercise of abstention when appropriate, not by rigid limitations on federal jurisdiction. *Matter of Wood*, *supra*. Discretionary abstention may be compelling where a state proceeding sounds in state law and has only a limited connection with the debtor's bankruptcy case. *In re Titan Energy, Inc.*, 837 F.2d 325 (8th Cir. 1988).

Given that the instant case has only a tenuous relationship to the plaintiff's now-discharged Chapter 13 petition, the court concludes that it will abstain from exercising its bankruptcy jurisdiction in the interests of justice, comity with Mississippi courts, and respect for Mississippi law.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Plaintiff's Motion to Remand [14-1] is **GRANTED**; therefore,

(2) This case is **REMANDED** to the Circuit Court of Leflore County, Mississippi from whence it came, and

(3) This case is **CLOSED**.

**SO ORDERED** this the 10th day of July, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE